JOHN M. MABIE, APPELLANT, v. DANIEL JOHNSON, RESPONDENT.

*Promissory note — duty of purchaser — notice, sufficient to require inquiry.*

In an action by the plaintiff, a *bona fide* purchaser, before maturity, of the following note:

GUILFORD, *Nov.* 29, 1870.

For one Hinckley knitting *machine warranted,* I promise to pay J. H. Wells or bearer thirty dollars, one year from date with use.

DANIEL JOHNSON.

the defendant offered to prove a parol warranty of the machine and breach thereof, and claimed to recoup damages therefor. *Held,* that the evidence was inadmissible.

APPEAL from a judgment of a county judge, reversing a judgment of a justice of the peace in favor of the plaintiff.

*Calvin L. Tefft,* for the appellant.

*Isaac S. Newton,* for the respondent.

BOARDMAN, J. :

This action was brought upon a negotiable promissory note as follows :

" GUILFORD, *Nov.* 29, 1870.

" For one Hinckley knitting machine warranted I promise to pay J. H. Wells or bearer thirty dollars one year from date with use.

" DANIEL JOHNSON. "

This note was transferred for value to the plaintiff, before it became due, without any knowledge of the transaction out of which the note arose except what is contained therein, nor did the plaintiff have any notice or reason to suspect that the defendant had any defense to said note.

Upon the trial before the justice, the defendant offered to prove a parol warranty of the machine in certain respects with a view of showing a breach of said warranty, and recouping the damages. This evidence was rejected. The County Court held that such decision was erroneous upon the ground that the word " warranted " in the note was sufficient notice of the defendant's equities to put the plaintiff upon inquiry as to the terms of the warranty, and that he took the note subject to all damages sustained by the

defendant for a breach of such warranty; that the plaintiff stood in no better situation in this respect than the payee would have done, had he brought suit on the note.

I think the learned county judge is in error in the view he took of the case, and that within the authorities the plaintiff was a *bona fide* holder of the note in suit, so as to deprive the defendant of his defense. The progress of the law on this subject is given in 1 Parsons on Bills, 258, *et seq.* The result of the English decisions is there laid down to be, "that the holder of negotiable paper does not lose his rights by proof that he took the paper negligently." That notice of facts which would defeat his recovery must not be ambiguous. The same doctrine is maintained in the American courts. (*Welch* v. *Sage*, 47 N. Y., 143; *Magee* v. *Badger*, 34 id., 247; *Belmont Bank* v. *Hoge*, 35 id., 65; *Lord* v. *Wilkinson*, 56 Barb., 593, and the cases cited.) In *Magee* v. *Badger* (*supra*), PORTER, J., says: "He, the purchaser, is not bound, at his peril to be upon the alert for circumstances which might probably excite the suspicions of wary vigilance. He does not owe the party who puts negotiable paper afloat the duty of active inquiry to avert the imputation of bad faith." In *Lord* v. *Wilkinson* (*supra*), and *Raphael* v. *Bank of England* (17 C. B., 161; S. C., 33 Eng. L. and Eq., 276), actual notice of the theft of the securities was given, yet it was held that the forgetting, or omitting to look for the notice, was not evidence of *mala fides*, more than negligence must be proved; fraud, *mala fides*, must be shown.

These cases seem to me to sustain the position of the justice upon the trial. The words, " for one Hinckley knitting machine, warranted," express the consideration of the note. Giving to the words the broadest meaning possible, they do not imply that there has been a breach of the warranty, by which the defendant has sustained damages. They cannot be construed as notice to the purchaser, of a defense to the note in the hands of the payee. If they do, it must be because the law will presume a breach wherever there is a warranty. That would be preposterous. There was nothing, therefore, which showed, or tended to show, to the purchaser, or even to excite his suspicions, that any defense to the note in suit existed, when he purchased it. He is therefore entitled to protection against defendant's counter-claim.

It follows that the judgment of the County Court should be reversed, and that of the justice be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment of County Court reversed, and that of justice affirmed, with costs.